UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

Anthony Trupia, Plaintiff,

v.

X Corp., Elon Musk, and Linda Yaccarino,

Defendants.

Case No.: 5:25-cv-03685-NW

Hon. Noël Wise

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENSE COUNSEL AND DEFENDANTS PURSUANT TO FRCP 11, 28 U.S.C. § 1927, AND THE COURT'S INHERENT POWERS**

Date: [To be set by Court] Time: [To be set by Court] Ctrm: 3

**TO DEFENSE COUNSEL, DEFENDANTS, AND THE COURT**:

PLEASE TAKE NOTICE that on [date to be set by the Court], at [time to be set by the Court], in Courtroom 3 of the above-entitled Court, located at 280 South 1st Street, San Jose, California 95113, Plaintiff Anthony Trupia, appearing pro se, will move the Court for an order imposing sanctions against defense counsel Kenneth M. Trujillo-Jamison and the law firm Willenken LLP, as well as against Defendants X Corp., Elon Musk, and Linda Yaccarino, pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent powers.

This motion is based on the attached Memorandum of Points and Authorities, the pleadings and papers on file in this action (screenshots between Plaintiff and Rodney Bruning, to be filed as A), and such other evidence and argument as may be presented at the hearing.

Pursuant to FRCP 11(c)(2), Plaintiff will serve this motion on defense counsel and Defendants at least 21 days prior to filing it with the Court, to provide an opportunity to withdraw or correct the offending Motion to Dismiss (Dkt. 22) and cease the retaliatory conduct described herein. If the Motion to Dismiss is not withdrawn or appropriately corrected, and the retaliatory restrictions are not lifted, within the safe harbor period, Plaintiff will file this motion with the Court.

Dated: October 4th, 2025

Respectfully submitted,

/s/ Anthony Trupia

Anthony Trupia, Pro Se Plaintiff

605 SE 21st St., Oklahoma City, OK 73129

516-984-0142

Trupiaar@mgail.com

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff Anthony Trupia, proceeding pro se, respectfully brings this motion for sanctions against defense counsel for filing a frivolous and vexatious Motion to Dismiss (MtD, Dkt. 22) that unreasonably multiplies these proceedings, and against Defendants for retaliatory conduct that interferes with this litigation. Plaintiff acknowledges and appreciates this Court's honorable and progressive stance on matters such as freedom of speech, as exemplified by California's application of Pruneyard v. Robins, 447 U.S. 74 (1980), this absolutely did influence Plaintiff's choice of venue in this district. While Plaintiff understands that sanctions may not ultimately be granted, this motion is brought in good faith to preserve these issues for appeal and to highlight the systemic advantages afforded to wealthy defendants and their counsel in federal courts, which often render the judicial system inaccessible to pro se litigants like Plaintiff.

The MtD contains numerous procedural flaws, jurisdictional misstatements, substantive misapplications of law, and ethical lapses that violate FRCP 11(b) by certifying baseless legal contentions and factual misrepresentations, and 28 U.S.C. § 1927 by unreasonably prolonging litigation through bad-faith arguments. Additionally, post-filing, Defendants have escalated suppression by locking the accounts of users who attempt to message Plaintiff, constituting retaliation that undermines the judicial process. These abuses exploit Plaintiff's pro se status and the power imbalance inherent in litigating against a billionaire and his corporation. Sanctions are warranted to deter such conduct.

**II. FACTUAL BACKGROUND**

Plaintiff filed this action on April 28, 2025, alleging Defendants' misrepresentation of X.com as a free speech platform while engaging in algorithmic suppression, in violation of contract, consumer protection laws, and California free speech principles. On September 24, 2025, Defendant X Corp. filed the MtD, raising technical defenses that ignore well-pleaded facts, mischaracterize the Complaint, and demand premature evidence, all while failing to confer with Plaintiff or seek clarification via a Rule 12(e) motion.

Plaintiff, a resident of Oklahoma but formerly of California during relevant events (see Exhibit B, Plaintiff's Old Licenses), relies on specific statements by Defendants Elon Musk and Linda Yaccarino as promises of free speech, including Musk's explicit use of "as promised" in a January 11, 2024, post (see Exhibit C). The MtD dismisses these as non-actionable without addressing their factual context, exemplifying the abuses detailed below.

Further, following the filing of this suit, Defendants have retaliated by censoring Plaintiff to the extent that users attempting to message him have their accounts locked. For example, on September 22nd, user Rodney Bruning reported that his account was immediately locked after sending Plaintiff a private message inquiring about Plaintiff's content and homepage. Bruning had to complete verification hoops to unlock his account and resend the message. This incident, supported by screen shots of Plaintiff's conversation with Bruning (Exhibit A), appears targeted and retaliatory, as it occurred solely in connection with interacting with Plaintiff amid this litigation challenging X.com's suppression practices. Such actions chill potential witnesses, isolate Plaintiff, and interfere with his ability to gather evidence or engage in protected discourse.

**III. LEGAL STANDARD**

Under FRCP 11(b), by signing a motion, counsel certifies that: (1) it is not presented for an improper purpose; (2) the legal contentions are warranted by existing law or a nonfrivolous argument for extension; and (3) the factual contentions have evidentiary support. Violations warrant sanctions, including monetary penalties or payment of opponent's expenses. See Holgate v. Baldwin, 425 F.3d 671, 675 (9th Cir. 2005). Sanctions may be imposed for frivolous motions to dismiss that misrepresent facts or law, especially against pro se plaintiffs. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662 (2009) (noting pro se leniency).

Additionally, 28 U.S.C. § 1927 authorizes sanctions against attorneys who "unreasonably and vexatiously" multiply proceedings, including through baseless motions that prolong litigation in bad faith. See Blixseth v. Yellowstone Mountain Club, LLC, 796 F.3d 1004, 1007 (9th Cir. 2015) (recklessness or bad faith standard).

The Court also has inherent powers to sanction parties for bad-faith conduct that interferes with litigation, such as retaliation or obstruction, even absent statutory authority. See Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991) (sanctions for harassing or vexatious acts during proceedings, including monetary penalties and injunctive relief). Courts have sanctioned parties for retaliatory actions that chill participation or undermine the judicial process, particularly in free speech contexts. See, e.g., Lindke v. Freed, 601 U.S. 187 (2024) (discussing blocking as potential violation in quasi-public forums); Steinert v. Winn Grp., Inc., 440 F.3d 1214 (10th Cir. 2006) (vexatious conduct in extending proceedings without good cause).

**IV. ARGUMENT**

Defense counsel's MtD violates these standards through the following specific conduct, and Defendants' retaliatory actions independently warrant sanctions:

**A. Procedural Flaws**

The improper service argument is premature and frivolous, ignoring that the purpose of service (actual notice) was met via certified mail, and Plaintiff's pro se status and cost prohibitions warrant leniency. Counsel failed to confer before raising this, multiplying proceedings under § 1927. See FRCP 4(m) (good cause extensions for pro se delays).

Counsel ignored court delays in issuing summons due to Plaintiff's in forma pauperis application, creating equitable estoppel; this factual dispute is not resolvable on a 12(b)(5) motion and certifies unsupported contentions under Rule 11(b)(3).

Failure to file a Rule 12(e) motion for more definite statement before dismissal exploits pro se status, violating ethical duties (ABA Model Rule 4.3) and unreasonably prolonging litigation.

**B. Jurisdictional Errors**

The lack of personal jurisdiction claim misrepresents Complaint allegations of ongoing California operations (e.g., algorithmic design by CA-based programmers) and Plaintiff's prior CA residency, ignoring purposeful availment under recent rulings like Briskin v. Shopify, Inc., 102 F.4th 982 (9th Cir. 2025). This is a baseless legal contention under Rule 11(b)(2).

Venue arguments dismiss well-pleaded facts that substantial events (policy decisions, representations) occurred in this district, per 28 U.S.C. § 1391(b)(2); counsel's certification of no CA ties is factually unsupported.

The forum selection clause in X's Terms of Service is unconscionable as unilateral and adhesive, lacking mutuality; arguing its enforceability without addressing public policy is frivolous.

### C. Substantive Misapplications

Section 230 immunity is overbroadly applied, ignoring factual disputes on non-publisher acts (e.g., algorithmic suppression as misrepresentation); recent critiques (e.g., 2025 cases like Abdulaziz v. Twitter) question blanket immunity for promise breaches.

First Amendment bar is misapplied as absolute, preempting contract claims where Musk's statements create obligations; this demands premature evidence resolution.

TOS as a shield ignores unconscionability and contradictions with public promises, certifying nonfrivolous arguments that multiply proceedings.

Dismissal of Pruneyard extension is premature; Musk's "town square" statements create a novel factual issue for jury, not 12(b)(6).

Characterization of statements as "aspirational" ignores explicit promises (e.g., Musk's "as promised" post), prematurely demanding evidence and resolving disputes under Iqbal/Twombly.

### D. Ethical Concerns

Exploiting technicalities against a pro se plaintiff without good-faith inquiry (e.g., residency confirmation) violates ABA Model Rule 3.3 (candor to tribunal) and § 1927 by vexatiously prolonging case.

Misrepresentation of facts (e.g., "supposed" suppression despite analytics) and failure to assume good faith mislead the Court.

**E. Retaliatory Conduct by Defendants**

Defendants' post-filing locking of user accounts (e.g., Rodney Bruning conversation, Exhibit A) for merely messaging Plaintiff constitutes bad-faith retaliation, chilling potential witnesses and interfering with litigation. This escalates the suppression alleged in the Complaint and undermines the "free speech" promises at issue.

Such actions abuse Defendants' platform control, creating an asymmetric power imbalance that denies Plaintiff fair access to the courts, warranting sanctions under the Court's inherent powers. See Chambers, 501 U.S. at 43-46.

These violations demonstrate bad faith, warranting sanctions to address the billionaire advantage in courts.

**V. REQUESTED RELIEF**

Plaintiff requests: (1) monetary sanctions against counsel and Defendants in an amount the Court deems appropriate (e.g., $5,000 each as deterrent); (2) an order directing counsel and Defendants to pay Plaintiff's costs incurred responding to the MtD and addressing retaliation; (3) injunctive relief requiring Defendants to immediately remove any

blocks, restrictions, or suppression on Plaintiff's X.com account and related user interactions until this suit is resolved; and (4) such other relief as the Court deems just.

Dated: October 4th 2025

/s/ Anthony Trupia

Anthony Trupia, Pro Se Plaintiff

605 SE 21st St., Oklahoma City, OK 73129

516-984-0142

Trupiaar@mgail.com

Exhibit A:



Exhibit B:



Exhibit C:

