Kenneth M. Trujillo-Jamison (Bar No. 280212)
ktrujillo-jamison@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Attorneys for Defendant X Corp.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TRUPIA,<br><br>    Plaintiff,<br><br>v.<br><br>X CORP., *et al.*,<br><br>    Defendants. | Case No.: 5:25-cv-03685-NW<br><br>Hon. Noël Wise<br><br>**DEFENDANT X CORP.'S CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:    November 18, 2025<br>Time:   9:00 AM<br>Ctrm:    3 |

**DEFENDANT X CORP.'S CASE MANAGEMENT STATEMENT**

Defendant X Corp., through its undersigned counsel, hereby submits this Case Management Statement pursuant to Civil Local Rule 16-9, the Standing Order for All Judges in the Northern District of California, and the August 4, 2025 Clerk's Notice Resetting Case Management Conference Deadlines in this case. X Corp.'s counsel attempted to meet and confer with Plaintiff Anthony Trupia ("Trupia" or "Plaintiff"), appearing pro se, about the contents of this statement, but Plaintiff did not respond to counsel's outreach.

## I. JURISDICTION AND SERVICE

This Court's personal jurisdiction over X Corp., a Nevada corporation with its principal place of business in Texas, is disputed because general personal jurisdiction is unavailable and X Corp. argues that Plaintiff has not sufficiently shown the requisite connections to California to establish specific personal jurisdiction over X Corp. (*See* ECF No. 22 at 17–19.) The appropriateness of venue in this judicial district is also disputed because X Corp. argues that Plaintiff, an Oklahoma resident, fails to establish any basis for suing in this district under 28 U.S.C. § 1391(b). (*See id.* at 19.) X Corp. further argues that this matter should be transferred under 28 U.S.C. § 1406(a) to the Northern District of Texas, pursuant to the mandatory forum selection clause in X's Relevant Terms of Service. (*Id.* at 19–22.) Finally, while Plaintiff acknowledges that defendants Musk and Yaccarino have not been served (*see* ECF No. 19), X Corp. argues that it was not properly served for three independent reasons: Plaintiff's only attempt to serve X Corp. was by (i) *mailing* the complaint and summons (ii) *himself* on August 27, 2025—(iii) *more than 90 days* after he filed the Complaint on April 28, 2025. (*See* ECF No. 22 at 16–17 (citing ECF Nos. 1, 18)).

## II. FACTS

Plaintiff Anthony Trupia "maintains an active account" that he created in 2023 on X, X Corp.'s social media platform. (ECF No. 1 ¶¶ 4, 16, 23.) To create and use an X account, users (like Plaintiff) must agree to a set of binding Terms that, among other things, limit X Corp.'s liability and require that any suit related to the Terms or the use of X Corp.'s platform be brought in Texas. (*See* ECF No. 22 at 11–14; 20–22; 25–26.) Still, on April 28, 2025, Plaintiff (an

Oklahoman) filed his complaint against X Corp. (a Nevada corporation with its principal place of business in Texas), Elon Musk, and Linda Yaccarino here in California.

Plaintiff's claims all arise from supposed "suppression of his reach" on X that allegedly "derail[ed]" two "significant civil cases impacting the public." (ECF No. 1 ¶ 3.) Plaintiff does not identify the posts, how they were "suppressed," the referenced cases, or how they were derailed. Nevertheless, as a result of this purported suppression, Plaintiff asserts claims under various California laws and an invented "free speech" contract supposedly formed by vague aspirational public posts. But (as explained in full in X Corp.'s Motion to Dismiss or Transfer (ECF No. 22)), each claim rests on several faulty assumptions defied by the allegations and rejected by binding authority. The vague public posts alleged in the Complaint did not somehow transform X Corp.'s private platform "into a virtual public square," and cannot be conceivably understood as forming a "free speech" contract with X Corp. Instead, X Corp.'s Terms of Service have and continue to govern Plaintiff's use of X Corp.'s services and expressly permit X Corp. to moderate the platform and "remove or refuse to distribute any Content on the Services, limit distribution or visibility of any Content on the services . . . without liability to [users]."

Setting aside the jurisdictional defects described above, *see* Section I, *supra*, Plaintiff's lawsuit fails on multiple grounds and should be dismissed with prejudice or transferred under the valid forum selection clause in X's Relevant Terms of Service for the reasons explained in X Corp.'s pending Motion to Dismiss or Transfer. X Corp. also is immune from all claims under Section 230, the First Amendment, and the Relevant Terms. If X Corp. were somehow not immune, the Complaint still fails to state any claim.

### III.  LEGAL ISSUES

X Corp. identifies the following currently disputed points of law: (1) whether X Corp. was properly served; (2) whether this court lacks personal jurisdiction over X Corp.; (3) whether venue is proper here, and regardless, whether venue belongs in the Northern District of Texas pursuant to the mandatory forum selection clause in the Relevant Terms; (4) whether X Corp. is immune from all claims under the Communications Decency Act of 1996, 47 U.S.C. § 230; (5) whether X Corp. is immune from all claims under the First Amendment; (6) whether X's Terms of Service

foreclose all claims; (7) whether Plaintiff has stated a claim for counts I-VI; and (8) whether Plaintiff should be granted leave to amend.

## IV. MOTIONS

On August 1, 2025, the Court denied Plaintiff's Motion to Proceed in Forma Pauperis. (ECF No. 12.) On September 19, Plaintiff moved for leave for alternative service on defendants Elon Musk and Linda Yaccarino. (ECF No. 19.) On September 24, 2025, X Corp. filed its Motion to Dismiss or Transfer, which remains pending. (ECF No. 22.)

On October 4, 2025, Plaintiff filed a Notice of Motion for Sanctions, where, among other things, he asserted that if X Corp.'s Motion to Dismiss or Transfer "is not withdrawn or appropriately corrected, and the retaliatory restrictions are not lifted, within the safe harbor period, [he] will file this motion with the Court." (ECF No. 25). But Plaintiff has not filed that motion.[1]

## V. AMENDMENT OF PLEADINGS

Plaintiff has not amended his pleading. (ECF No. 1.)

## VI. EVIDENCE PRESERVATION

X Corp. has reviewed the Court's Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties have not yet had a conference pursuant to Fed. R. Civ. P. 26(f) regarding the preservation of evidence. At this time, in light of the fact that the pleadings and claims are unsettled, X Corp. is not currently aware of any document preservation issues.

## VII. DISCLOSURES

The parties have not yet exchanged Fed. R. Civ. P. 26(a) disclosures, but should the pending Motion to Dismiss or Transfer be denied, X Corp. proposes exchanging such disclosure 30 days after X Corp. files an answer.

---

[1] If Plaintiff files his motion for sanctions as indicated in the Notice of Motion (ECF No. 25), X Corp. anticipates cross-moving for sanctions. Furthermore, to the extent the Court is inclined to construe Plaintiff's Notice of Motion for Sanctions as a motion, X Corp. contends that it is procedurally and substantively defective for a host of reasons, which it is prepared to explain should the Court request a response to his Notice of Motion.

## VIII. DISCOVERY

X Corp. proposes that, should the pending Motion to Dismiss or Transfer be denied, discovery should commence 30 days after X Corp. files an answer. X Corp. is willing to meet and confer and submit a proposed discovery schedule, if necessary, after resolution of the Motion to Dismiss or Transfer.

## IX. CLASS ACTIONS

This is not a class action.

## X. RELATED CASES

The parties believe that no other cases are related to this matter.

## XI. RELIEF

X Corp. contends that Plaintiff is entitled to no relief. X Corp. seeks dismissal of all of Plaintiff's claims.

## XII. SETTLEMENT AND ADR

X Corp. believes that prospects for settlement are remote at this time. As set forth above, *see* Section III, *supra*, X Corp. contends that Plaintiff's Complaint should be dismissed in its entirety or, alternatively, transferred to the Northern District of Texas, and believes that resolution of at least those legal issues in this case is necessary to properly discuss settlement prospects. As such, X Corp. believes engaging in an alternative dispute resolution process would not be fruitful at this time but will be prepared to discuss that at the case management conference.

## XIII. OTHER REFERENCES

X Corp. believes this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV. NARROWING OF ISSUES

X Corp. is not aware of any issues that can be narrowed at this time and does not currently have any suggestions to expedite the evidence at trial.

## XV. EXPEDITED SCHEDULE

X Corp. does not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

### XVI. SCHEDULING

Not applicable.

### XVII. TRIAL

Plaintiff has requested a jury trial on all claims so triable as a matter of right. Given that it is not yet known whether or which of Plaintiff's claims will survive the pleading stage, X Corp. is unable to estimate the length of any trial at this time.

### XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

X Corp. has filed disclosures pursuant to Fed. R. Civ. P. 7.1(a)(1) and Civil Local Rule 3-15. (ECF No. 21.) X Corp. has certified that X Corp.'s parent corporation, X Holdings Corp., has been acquired by and is a wholly owned subsidiary of X.AI Holdings Corp. X Corp. has further certified that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: X Holdings Corp. and X.AI Holdings Corp.

### XIX. PROFESSIONAL CONDUCT

X Corp.'s counsel has reviewed the Guidelines for Professional Conduct.

### XX. OTHER

X Corp. is presently unaware of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Respectfully submitted,

Dated: November 4, 2025     WILLENKEN LLP

By: _/s/ Kenneth M. Trujillo-Jamison_
Kenneth M. Trujillo-Jamison
Attorneys for Defendant X Corp.