UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY TRUPIA,

        Plaintiff,

    v.

X CORP., et al.,

        Defendants.

Case No. 25-cv-03685-NW

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO TRANSFER**

Re: ECF No. 41

Presently before the Court is Defendant X Corp.'s motion to transfer venue to the Northern District of Texas. ECF No. 41 ("Mot."). As of this order, Plaintiff Anthony Trupia has not filed a response opposing this motion and the time to do so has passed. The Court GRANTS Defendant's motion to transfer and TRANSFERS this action to the Northern District of Texas.

The Court finds that the recent decision in *Doe v. X Corp.* governs. No. 25-CV-07597-TLT, 2025 WL 3500543 (N.D. Cal. Nov. 6, 2025).[1] There, just as here, plaintiff filed suit in the Northern District of California against X Corp. Not long after, X Corp. moved to transfer the case to Texas pursuant to a forum selection clause in the Terms of Service governing Doe's X account. After a thorough review of the Terms of Service as well as the applicable law, the court found the forum selection clause enforceable and granted X Corp.'s motion.

This Court makes the same finding. As Plaintiff concedes, the Terms of Service associated with Plaintiff's X account include an identical forum selection clause. *See* FAC ¶ 13 ("The Terms' forum selection clause requir[es] disputes [to be brought] in Texas . . . ."); *see also* Mot. at 1-2. Though Plaintiff did not file an opposition to the motion, the FAC claims that the forum

---

[1] For Plaintiff's benefit, the Court has attached a copy of the opinion as an attachment to this Order.

United States District Court
Northern District of California

selection clause should not be enforced because it is "unconscionable—adhesive, unilateral, and against public policy favoring access to justice in the forum of substantial contacts." FAC ¶ 13. These are conclusory allegations: Plaintiff does not explain which aspects of the Terms of Service render them unconscionable. Regardless, courts have generally found forum selection clauses in similar agreements enforceable despite objections of unconscionability. *See Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 837–40 (S.D.N.Y. 2012) (collecting cases where courts "have enforced forum selection clauses in clickwrap agreements."); *see also Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 64 (2013) ("Because public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases.").

The Court GRANTS the unopposed motion to transfer. ECF No. 41. The Clerk of Court shall TRANSFER this case to the United States District Court for the Northern District of Texas, and close the file.

**IT IS SO ORDERED.**

Dated: February 11, 2025

Noël Wise
United States District Judge

United States District Court
Northern District of California

2